Filed 7/27/22  P. v. Ross CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>ROBERT MELVIN ROSS III,<br>     Defendant and Appellant. | A164324<br><br>(Sonoma County Super.<br>Ct. No. SCR7462371) |

Appellant Robert Ross (Appellant) appeals from the judgment following his no contest plea to a charge of felony removal or possession of a memento from human remains (Health & Saf. Code, § 7051.5, subd. (a)).[1]  Appellant's counsel has raised no issue on appeal and asks this court for an independent review of the record to determine whether there are any arguable issues. (*Anders v. California* (1967) 386 U.S. 738; *People v. Wende* (1979) 25 Cal.3d 436.)  We have reviewed the record, find no arguable issues, and affirm.

BACKGROUND

In September 2021, an information was filed charging Appellant with unlawful handling of human remains (§ 7052, subd. (a); count one); removal or possession of a memento from human remains (§ 7051.5, subd. (a); count

---

[1] All undesignated statutory references are to the Health and Safety Code.

two); and unauthorized entry of a dwelling house (Pen. Code, § 605.2, subd. (a); count three). The charges were based on evidence that Appellant had mishandled human remains while staying at an abandoned house.

In October 2021, defense counsel requested a doctor be appointed to determine Appellant's competency because Appellant sustained a head injury in a motor vehicle accident just before his arrest. In November, following receipt of the doctor's report, both counsel stipulated to a finding of competency and the trial court so found.

At the same hearing, Appellant asked to address the trial court about "something that is very important," continuing, "[m]aybe you would like to understand this is a corrupt officer in my case." The trial court referenced a pending offer to resolve the case and Appellant responded, "I understand that and I'm actually considering the offer, but I still want to reveal the corrupt officer." The court proposed a break to provide Appellant and his attorney an opportunity to confer and defense counsel requested a confidential *Marsden*[2] hearing to address Appellant's request. The court said it did not sound like a *Marsden* issue and asked defense counsel to address whether a *Marsden* hearing was appropriate. Defense counsel responded that one situation where a *Marsden* hearing is appropriate is where there is "some type of breakdown in the attorney/client relationship over a disputed issue which is causing . . . the case not to go forward." Counsel continued, "I do think if [Appellant] were able to address that with the Court, that's going to involve attorney/client privileged information that's not something that would be suitable in open court which is why I'm asking for the *Marsden* to facilitate that."

---

[2] *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).

2

The trial court then asked Appellant if he was requesting a *Marsden* hearing and explained the nature of such a hearing. The court told Appellant, a "*Marsden* hearing is for individuals like yourself who believe that . . . their attorney is not working on their behalf and that the relationship has broken down. I normally refer to it as someone wanting to fire their attorney. Do you request such a hearing?" Appellant said that he understood and that he was considering the prosecutor's offer. He then expressed his concern about the investigating officer's testimony, stating that the officer "was manipulating my testimony and falsifying it and would like to prove that." The court found Appellant was not requesting a *Marsden* hearing, but asked defense counsel to explain to Appellant his right to file a citizen's complaint against the officer.

After a break, Appellant pleaded no contest to count two. Defense counsel stipulated to a factual basis for the plea and the court found that the plea was free and voluntary and that there was a factual basis for the plea.

In December 2021, before sentencing, defense counsel said Appellant wished to withdraw his plea. The court appointed an attorney to represent Appellant on the issue of the validity of the plea. At a hearing on December 20, the attorney said that she did not believe Appellant had a legal basis to withdraw his plea and that she had so advised Appellant.

Also on December 20, 2021, the trial court imposed the aggravated term of three years, with 662 days on mandatory supervision and the balance in custody. The court granted credit for time served in the total amount of 433 days, so Appellant was released on supervision.[3]

---

[3] Appellate counsel's *Wende* brief describes subsequent procedural history in the case, but that history is not relevant to the appeal.

The present appeal followed. The notice of appeal challenged the validity of the plea and requested a certificate of probable cause, which the trial court granted.

DISCUSSION

We have reviewed the entire record and have found no arguable appellate issues. Appellant was adequately represented by legal counsel.

The trial court did not err in declining to conduct a *Marsden* hearing. Appellant's comments, after the court explained the purpose of a *Marsden* hearing, reflected concern about the honesty of the investigating officer, and not the adequacy of representation provided by counsel. (See *People v. Crandell* (1988) 46 Cal.3d 833, 854, disapproved on another ground in *People v. Crayton* (2002) 28 Cal.4th 346, 364–365 [" ' "When a defendant seeks to discharge his appointed counsel and substitute another attorney, and asserts inadequate representation, the trial court must permit the defendant to explain the basis of his contention and to relate specific instances of the attorney's inadequate performance." ' "]; accord, *People v. Wright* (2021) 12 Cal.5th 419, 440.) The court expressly asked Appellant if he wanted a *Marsden* hearing, and he did not ask for one.

Appellant completed a plea form that described the constitutional rights he was waiving by entering a no contest plea, and the trial court found Appellant freely and voluntarily entered his plea. Defense counsel stipulated there was a factual basis for the plea and the court properly so found. There was no legal basis for Appellant to withdraw his plea. The trial court's sentence was consistent with the plea agreement.

Appellate counsel advised Appellant of his right to file a supplemental brief to bring to this court's attention any issue he believes deserves review.

4

(See *People v. Kelly* (2006) 40 Cal.4th 106.)  Appellant did not file a supplemental brief.  There are no legal issues that require further briefing.

DISPOSITION

The trial court's judgment is affirmed.

_____

SIMONS, Acting P. J.

We concur.

_____

BURNS, J.

_____

WISEMAN, J. [*]

(A164324)

---

[*] Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.